In the Matter of GILBERT HELMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 14, 1983

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.* (*Vincent J. Carroll, Jr.,* of counsel), for petitioner.

*Charles Margett* for respondent.

OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on April 17, 1940. By order of this court dated March 10, 1983, respondent was suspended from the practice of law, effective November 30, 1982, until further order of this court. In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the special referee's report.

The special referee found the respondent guilty of being convicted of a "serious crime" in that, on October 15, 1982, he was convicted of six counts of offering a false instrument for filing in the second degree, a class A misdemeanor (Penal Law, § 175.30), and was sentenced to a conditional discharge and to pay a fine in the sum of $103,705.30.

Respondent was to pay an additional sum of $92,238.31 as restitution to the City of New York. A condition of the respondent's discharge was that for a six-month period he satisfactorily perform supervised community service two days per week, eight hours per day, for the Mayor's Volunteer Action Center. The fine has been paid, the restitution made, and the condition of performance of community service has been satisfied.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the special referee. Respondent is guilty of the misconduct alleged. Accordingly, petitioner's motion to confirm the special referee's report is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the fact that respondent's wrongdoing did not involve his practice of law. Under these circumstances the respondent should be, and hereby is, suspended from the practice of law for a period of two years, effective November 30, 1982, and until the further order of this court.

MOLLEN, P. J., DAMIANI, TITONE, LAZER and NIEHOFF, JJ., concur.